UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER LEE NEELEY,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 13-cv-05761 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 13, 14, 15).

After considering and reviewing the record, the Court finds that the ALJ did not commit harmful error when evaluating the lay evidence or when making the step two

determination regarding severe impairments. In addition, the ALJ provided a germane reason for failing to credit fully the opinion of lay source ARNP Smalley, noting that her opinion was inconsistent with the mild objective medical evidence. Also, the ALJ did not commit harmful error when assessing plaintiff's credibility. Finally, the ALJ's reliance on the VE's testimony at step five was proper.

Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, CHRISTOPHER LEE NEELEY, was born in 1967 and was 41 years old on the alleged date of disability onset of December 23, 2008 (*see* Tr. 228, 236). Plaintiff did not complete high school, or obtain a GED (Tr. 40). He has taken some classes through the union pertaining to painting (Tr. 41). Plaintiff was a painter until his back "was too far gone" and he "couldn't take the recall" back to work (*id.*). Plaintiff has at least the severe impairments of obesity and degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)) (Tr. 12).

At the time of the hearing, plaintiff was living in a house with a roommate and two dogs (Tr. 39).

## PROCEDURAL HISTORY

After plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration, plaintiff's requested hearing was held before Administrative Law Judge Kimberly Boyce ("the ALJ") on May 14, 2012 (*see* Tr. 30-88; *see also* Tr. 93-

96, 100-04, 105-10, 228-35, 236-38). On June 15, 2012, the ALJ issued a written decision in which she concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 7-28).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the ALJ fail to include all of plaintiff's severe impairments at step 2 of the sequential evaluation process leading to an incorrect RFC; (2) Did the ALJ use an improper legal standard in rejecting the functional limitations assessed by Cheryl Smalley, ARNP; (3) Did the ALJ fail to properly articulate legally correct reasons for rejecting the statements from the two lay witnesses; (4) Is the credibility assessment of the plaintiff by the ALJ flawed because the reasons given are not clear and convincing; (5) Did the ALJ's RFC assessment fail to take into consideration all of plaintiff's impairments, both exertional and nonexertional; (6) Did the ALJ fail to incorporate all of plaintiff's functional limitations in the hypothetical question posed to the VE; and (7) Did the VE use an incorrect legal standard in testimony about job numbers (*see* ECF No. 13, pp. 1-2).

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//

//

# DISCUSSION

## (1) Did the ALJ fail to include all of plaintiff's severe impairments at step 2 of the sequential evaluation process leading to an incorrect RFC?

Plaintiff contends that the ALJ erred by failing to find that plaintiff's chronic pain syndrome and depression were severe impairments. However, defendant's arguments on these contentions are persuasive (*see* Response, ECF No. 14, pp. 2-4 (*citing Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005)).

Regarding plaintiff's pain, an ALJ is not "required to believe every allegation of disabling pain;" and, the ALJ's rejections of plaintiff's allegations and symptoms will be discussed subsequently by the Court in the discussion on plaintiff's credibility, *see infra*, section 4.  *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Plaintiff has not directed the Court to any diagnosis by an acceptable medical source that plaintiff suffered from a distinct impairment of a pain disorder.

Regarding plaintiff's alleged depression, plaintiff admits that no mental health condition was diagnosed by Dr. Catherine Howe, M.D., after an examination in 2010, and admits that he was not diagnosed with depression by an acceptable medical source until April 26, 2012 (*see* Opening Brief, ECF No. 13, p. 7 (*citing* Tr. 740-42)). Reports of symptoms alone generally are insufficient to establish the existence of a medically determinable impairment. *See, e.g., Ukolov, supra*, 420 F.3d at 1005.

The ALJ's decision was rendered on June 15, 2012, less than two months after plaintiff first was diagnosed with depression (*see* Tr. 14-15). The ALJ found that in 2010

plaintiff did not have an established medically determinable impairment of depression (*see id.*). However, the ALJ also noted that despite not seeking any treatment for mental health symptoms for years, plaintiff in April, 2012 had demonstrated the existence of depression, as diagnosed by Dr. Thomas Scott, M.D. (*see id.*). However, the ALJ found that for the relevant period of time up to and including the date of the ALJ's written decision, June 15, 2012, plaintiff's depression did not cause more than minimal limitation in his ability to perform basic mental work activities and therefore was nonsevere (*see* Tr. 14). The ALJ's implied finding that the severity of plaintiff's depression was of insufficient duration to qualify as a severe impairment is a logical inference from the ALJ's discussion (*see* Tr. 14-15). The record supports the ALJ's inference and findings.

The Court notes that plaintiff bears the burden to establish by a preponderance of the evidence the existence of a severe impairment that prevented performance of substantial gainful activity and that this impairment lasted for at least twelve continuous months.  20 C.F.R. §§ 404.1505(a), 404.1512, 416.905, 416.912(a); *Bowen, supra*, 482 U.S. at 146; *see also Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) (*citing Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995)). Any impairment that does not last continuously for twelve months does not satisfy the requirement. 20 C.F.R. §§ 404.1505(a), 404.1512, 416.905, 416.912(a); *Roberts*, *supra*, 66 F.3d at 182.

In *Roberts*, the Ninth Circuit found that the decision by the Social Security Administration that plaintiff Roberts "was not disabled due to obesity was supported by substantial evidence because Roberts failed to carry the burden of showing that she met the duration requirement." *Id.*  As noted, "the burden requires the claimant to make out a

case both that []he has an impairment listed in the regulations, and that []he has met the duration requirement." *Roberts, supra*, 66 F.3d at 182 (*citing* 20 C.F.R. § 416.920(d)).

Because plaintiff admits that he was not diagnosed with depression by an acceptable medical source until April 26, 2012 (*see* Opening Brief, ECF No. 13, p. 7 (*citing* Tr. 740-42)), the ALJ's finding that plaintiff's depression was not a severe impairment since December 23, 2008 through the date of the ALJ's decision, June 15, 2012, (*see* Tr. 8, 12, 14), should be upheld. *See Roberts, supra*, 66 F.3d at 182-83. The Court finds no harmful legal error at step two.

**(2)   Did the ALJ use an improper legal standard in rejecting the functional limitations assessed by other medical (lay) source Cheryl Smalley, ARNP?**

Plaintiff contends that lay evidence from other medical source, ARNP Smalley, and lay evidence from two other non-medical sources, *see infra*, section 3, all were rejected improperly by the ALJ. There are two types of lay evidence relevant to these discussions.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, therapists and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR"

06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

Here, although plaintiff contends that the ALJ rejected the opinion of ARNP Smalley because Ms. Smalley was not an acceptable source, the ALJ offered an additional reason for failing to credit fully the opinion of Ms. Smalley (*see* Tr. 20). The ALJ found that the opinion of ARNP Smalley was inconsistent with the contemporaneous objective evidence (*see id.*). Following a review of the relevant record, the Court concludes that this finding is based on substantial evidence in the record as a whole.

As noted by the ALJ, although in October, 2009, Ms. Smalley opined that plaintiff was severely limited in his ability to work and was limited to sedentary work (*see id.* (*citing* Exhibit 8F, *i.e.*, Tr. 390-454)), the objective findings were mild at that time (*see id.* (*citing* Exhibit 8F, pp. 60-62, *i.e.*, Tr. 449-51)). The record reveals that "an x-ray of the thoracic spine showed some mild anterior wedging" (*see* Tr. 450), and "NO SIGNIFICANT RADIOGRAPHIC RIGHT SHOULDER ABNORMALITIES" (Tr. 449). The Court concludes that the ALJ's finding that the opinion by Ms. Smalley that plaintiff was limited to sedentary work is inconsistent with the contemporaneous objective evidence is a finding based on substantial evidence in the record. The Court also concludes that it is a germane reason, sufficient to reject the lay evidence from Ms. Smalley. The Court finds no error.

**(3)    Did the ALJ fail to properly articulate legally correct reasons for rejecting the statements from the two non-medical (lay) witnesses?**

As noted, *see supra*, section 2, other non-medical (lay) evidence likewise can be rejected by the ALJ for germane reasons. *See Turner, supra*, 613 F.3d at 1224.

Here, the ALJ rejected evidence from lay witness Brian Gavaghan on the basis that his opinion was vague, provided little insight into functional limitations, and that the record showed plaintiff was more able than alleged (Tr. 19). Although plaintiff argues that Mr. Gavaghan reported that he used to engage in activities with plaintiff such as hiking, fishing, shooting, and other outdoor sports, and reported that plaintiff's mobility and quality of life had suffered, the Court concludes that the ALJs finding that this lay opinion was vague, provided little insight into functional limitations, and that the record showed plaintiff was more able than alleged, is a finding based on substantial evidence in the record as a whole (Tr. 19).

Plaintiff also complains about the ALJ's rejection of the lay opinion of Darrell Connerly, which was rejected by the ALJ in part on the basis that Mr. Connerly's opinion was ambiguous (*see id.*). Although plaintiff complains that Mr. Connerly noted that plaintiff used to be a physically fit and powerful person but that after several years had gained considerable weight and had decreased mobility, the Court finds at most harmless error, as no specific functional limitation greater than those found by the ALJ in plaintiff's RFC is opined by Mr. Connerly.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Here, the Court finds no harmful error in the ALJ's analysis of the lay evidence.

**(4)  Is the credibility assessment of the plaintiff by the ALJ flawed because the reasons given are not clear and convincing?**

Although plaintiff raises multiple issues with respect to the ALJ's analysis of plaintiff's credibility, the Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *See Molina*, *supra*, 674 F.3d at 1115. The court noted that "several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but

also provided valid reasons that were supported by the record." *Id.* (citations omitted); *see also Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111).

Here, the ALJ failed to credit fully plaintiff's allegations and testimony in part due to plaintiff's inconsistent statements and in part due to inconsistency with objective medical findings and medical opinions (*see* Tr. 18-19).

The ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted).

Regarding inconsistent statements, the ALJ included the following discussion in the written opinion:

> The claimant has made some inconsistent reports with regard to his ability to work, which undermines his credibility. For example, the claimant initially testified that he has not been able to work since December 2008 because of back pain. However, he subsequently testified that he claimed unemployment benefits from December 2008 until the first quarter of 2010, during which time he looked for less strenuous painting-type work that he could perform. I note that he testified that he was eligible for an extension of unemployment benefits, but someone informed him that it was illegal to collect both unemployment and DSHS, so he stopped claiming unemployment benefits.

(Tr. 18).

Based on a review of the relevant record, the Court concludes that substantial evidence forms the basis for the ALJ's finding of an inconsistency between plaintiff's initial testimony that his back problem rendered him unable to work as of December 23, 2008 (*see* Tr. 41) and his testimony that when he was applying for unemployment that he reaffirmed on a weekly basis that he was able to work and that these weekly assertions were correct (*see* Tr. 43).

Therefore, the Court concludes that this reason by the ALJ is sufficiently specific and supported by substantial evidence in the record. *See Bunnell*, *supra*, 947 F.2d at 343.

The ALJ also relied on a lack of support in the objective medical evidence when failing to credit fully plaintiff's allegations and testimony (*see* Tr. 19). The ALJ noted that plaintiff's treating physician had noted that plaintiff's pain was out of character to the findings on his MRI, and that on physical examination in November, 2011, plaintiff was in no acute distress and moved from the exam room to the lab area without obvious antalgic gait (*see id.* (*citing* Exhibit 25F, 32-33, Tr. 768-69)). The ALJ also noted that on physical examination in February, 2012, plaintiff demonstrated that he could walk without a cane, reported that he was doing reasonably well and had negative straight leg raising test findings (*see id.* (*citing* Exhibit 24F, 20)). The Court concludes that the ALJ's findings are specific and legitimate and are based on substantial evidence in the record as a whole.

For the stated reasons and based on the relevant record, the Court finds no harmful error in the ALJ's assessment of plaintiff's credibility.

**(5)     Did the ALJ's RFC assessment fail to take into consideration all of plaintiff's impairments, both exertional and nonexertional?**

Plaintiff's arguments regarding the RFC assessment are based entirely on arguments previously addressed above, *i.e.*, plaintiff's subjective reports of pain and treatment providers' alleged diagnosis of pain, *see, supra,* sections 1, 2 and 4. As the Court found no harmful error in the ALJ's decision regarding these issues, there is no reason to re-examine the ALJ's RFC determination.

**(6)     Did the ALJ fail to incorporate all of plaintiff's functional limitations in the hypothetical question posed to the VE?**

Plaintiff's contention regarding the hypothetical question posed to the VE largely involves arguments already addressed by the Court, such as plaintiff's allegations of pain, and depression, *see supra*, sections 1 and 4; and the opinion of Ms. Smalley, *see supra*, section 2. Although plaintiff complains that that ALJ ignored an opinion from a medical source rendered on June 14, 2012, this new evidence was not before the ALJ and more importantly, does not demonstrate that the ALJ's June 15, 2012 decision was not based on substantial evidence in the record for the period of time for which it was rendered, December 23, 2008 through June 15, 1012 (*see* Tr. 804; *see also* Tr. 4; Reply, ECF No. 15, p. 4). The Court also notes that this latest medical opinion regarding the need to stand occasionally was rendered on the basis of "some lower leg swelling/edema" that plaintiff had "more recently [] developed" (*see id.*).

For the stated reasons, and based on the relevant evidence, the Court finds no error in the hypothetical presented to the VE.

**(7) Did the VE use an incorrect legal standard in testimony about job numbers?**

Here, plaintiff makes a number of arguments regarding the ALJ's step five finding that the other work that plaintiff could have performed existed in sufficient numbers in the economy (*see* Opening Brief, ECF No. 13, pp. 20-21; Reply, ECF No. 15, pp. 6-7). The ALJ's findings included that plaintiff could perform the job of call out operator, with 1,060 jobs in Washington and 258,000 nationally; and the job of charge account clerk, with 480 jobs in Washington and 82,500 nationally (*see* Tr. 21, 75).

If the ALJ reaches the final step in the sequential analysis, the burden shifts to the Commissioner to prove that the claimant can perform other work in the national economy, given his age, education, residual functional capacity ("RFC") and past work experience. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *see also* 20 C.F.R. §§ 404.1594(f)(8), 416.994(b)(5)(vii). This other work "'which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. § 404.1560(c)(1).

Plaintiff argues that the region where an individual lives cannot be a state, but plaintiff includes no citation in support of such contention (*see* Opening Brief, ECF No. 13, p. 21). The statute does not indicate that a state cannot be a region. Nor does such an interpretation render superfluous any words of the statute, as implied by plaintiff. As found by a sister court, in this context, "the term 'region' is flexible' and can refer to 'the entire state' or to 'a particular area of the state.'" *Vargas v. Colvin*, 197 Soc. Sec. Rep.

Srvc. 151, 2013 U.S. Dist. LEXIS 171223 at*10 (C.D. Cal. 2013) (*quoting* Social Security Law and Practice § 43.137 (Dec. 2013)) (other citation omitted); *see also Beltran v. Astrue*, 700 F.3d 386, 390 (9th Cir. 2012); *Wilk v. Colvin*, 198 Soc. Sec. Rep. Srvc. 184, 2013 U.S. Dist. LEXIS 182253 at 21 n.7 (W.D. Wash. 2013). The Court finds no error here with the use of the state of Washington, as the "region" in which plaintiff lives. *See* 42 U.S.C. § 423(d)(2)(A); *see also Vargas*, *supra*, 197 Soc. Sec. Rep. Srvc. 151, 2013 U.S. Dist. LEXIS 171223 at*10 (*quoting* Social Security Law and Practice § 43.137 (Dec. 2013)). As such, 1,060 call out operator jobs in Washington, along with 480 charge account clerk jobs in Washington, provides sufficient jobs existing in the region in which plaintiff lives. *See* 42 U.S.C. § 423(d)(2)(A).

Plaintiff also argues that the ALJ erred in reliance on the VE's testimony regarding the numbers of jobs that exist because following cross examination regarding the source of the numbers, the VE testified to different numbers. However, the Court concludes that an adequate explanation of this discrepancy exists in the ALJ's written decision:

> With regard to the representative's request for a *subpoena duces tecum* to the vocational expert, which I denied, and his objections set forth in Exhibit 12E, the vocational expert confirmed at the hearing that he relied on publicly available sources for his answers to my questions. He also confirmed that, to the extent that he had to look beyond the Dictionary of Occupational Titles for his answers, he relied upon his long experience as a vocational expert, as well as the Handbook for Analyzing Jobs (a companion publication to the Dictionary of Occupational Titles) and job analyses performed by the Bureau of Labor Statistics. It was only on cross-examination, when the representative asked the vocational expert to provide numbers found within proprietary software, that the vocational expert complied and provided numbers from that source. The vocational expert again

confirmed that he relied on the Bureau of Labor Statistics for the national numbers provided in his initial testimony. (Tr. 21).

A review of the transcript reveals that the VE testified regarding multiple sources of information that he utilized when coming to the ultimate determination of job numbers existing for particular jobs, and that he cited specific results from only one of those sources when questioned on cross examination (*see* Tr. 79-86).

Based on a review of the relevant record, including the ALJ's decision and the testimony of the VE, the Court concludes that the ALJ's findings are based on substantial evidence in the record as a whole, and the Court finds no error in the ALJ's reliance on the VE to determine the job numbers existing in the national economy (*see* Tr. 79-86).

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for defendant and the case should be closed.

Dated this 11th day of June, 2014.

J. Richard Creatura
United States Magistrate Judge